# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES ZACHMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:15 CV 5293 |
| v. ) | Judge Marvin E. Aspen |
| ) | |
| RISHI VOHRA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff James Zachman ("Plaintiff") sued Defendant Rishi Vohra ("Defendant") for tortious interference with contractual relations, aiding and abetting fraud, civil conspiracy sounding in fraud, and an accounting, all in violation of state common law. Presently before us is Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, we grant the motion.

## BACKGROUND

The facts described herein are taken from the Complaint and its supporting exhibits and are accepted as true for the purposes of this motion. *See Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002) (citation omitted); Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part of the pleading for all purposes.").

Plaintiff, a U.S. citizen, and Sangeeta Chhabra ("Chhabra"), a citizen of India, went into business together in July of 2005. (Compl. ¶¶ 12, 14.) They formed an application hosting services company, Real Time Data Services LLC ("Data Services"), under the laws of Delaware.

On March 12, 2006, Plaintiff and Chhabra entered into an LLC Operating Agreement ("Agreement") for Data Services. (*Id.* ¶ 14; Ex. B ("Agreement").) The terms of the Agreement gave Plaintiff and Chhabra equal voting rights and an equal share of the profits. (*Id.* ¶ 15.) Additionally, Plaintiff and Chhabra agreed that Plaintiff would manage the company. (*Id.*) The Agreement stated that Plaintiff could only be removed from his position as Manager by a majority vote of the members. (Agreement at 3.) Currently, Data Services serves hundreds of clients worldwide. (Compl. ¶ 12.)

Data Services grew rapidly, but "the parties began disputing in the spring of 2012 over the operational aspects of the business." (*Id.* ¶ 16.) On May 15, 2012, Chhabra "locked [] Plaintiff out of the operations of Data Services" without holding a vote of the members. (*Id.* ¶ 17.) A few days later, Chhabra sent an allegedly libelous email to all of Data Services' clients, informing them of changes in the company's management. (*Id.* ¶ 20; Ex. D ("May 19 Email").) The email informed clients that Plaintiff was no longer associated with the company "due to financial irregularities and misappropriation." (Compl. ¶ 20; May 19 Email.)

After Chhabra locked Plaintiff out of Data Services, Chhabra contacted Defendant, a Chicago-based attorney, on June 5, 2012 to open up a business checking account with a U.S. bank for Data Services. (Ex. E ("Special Power of Att'y").) On June 11, 2012, Defendant opened Citibank Account #6100 ("#6100 Account") on behalf of Data Services. (Compl. ¶ 29.) According to the Complaint, "Citibank requires all eligible account holders to be a U.S. Citizen or Resident Alien." (*Id.* ¶ 30.) Plaintiff alleges that Defendant falsely "stated on the application that Chhabra was/is a non-resident alien." (*Id.*; Ex. A ("Citibank Application").) Plaintiff also asserts that Defendant used Plaintiff's taxpayer identification number on the #6100 Account application without obtaining his consent. (Compl. ¶¶ 32–33.)

Chhabra used the #6100 Account to deposit payments from customers and to route payments that she received under her "Data Services PayPal Merchant Service account." (*Id.* ¶ 34.) From May 2012 through October 2012, Chhabra routed nearly $400,000 from the #6100 Account to India. (*Id.* ¶ 35.) Plaintiff contacted Defendant in early August 2012 when he learned that Defendant had set up the #6100 Account. (*Id.* ¶ 36.) Shortly after, Data Services appointed Defendant as its "Director of Operations for North America." (*Id.* ¶ 38.)

In October 2012, Chhabra attempted to eliminate Plaintiff's ownership and assets in Data Services "via a 'cash out–squeeze out' merger." (*Id.* ¶ 42.) She created a new entity, RTDS LLC, in Delaware and then merged the new entity with Data Services, leaving Data Services as the surviving company. (*Id.* ¶¶ 40–41; Ex. O ("Certificate of Merger").) Chhabra did not notify Plaintiff before carrying out this transaction, nor did she allow him to vote or obtain his consent. (Compl. ¶ 43.) Chhabra subsequently informed Plaintiff and Data Services' clients of the merger. (*Id.* ¶ 44; Ex. P ("Nov. 25 Letter").) She also notified Data Services' clients that "the company would start invoicing under the name Real Time Cloud Services" ("Cloud Services"). (*Id.* ¶ 44; Ex. Q ("Cloud Services Invoice").)

Plaintiff alleges that Cloud Services still retains 50% of his assets. (Compl. ¶ 45.) Plaintiff "has filed several complaints against Chhabra," but she has avoided service in India. (*Id.* ¶ 47.)

Plaintiff filed suit against Defendant in the Circuit Court of Cook County, Illinois for his alleged role in assisting Chhabra in transferring Plaintiff's ownership interest and assets in Data Services. (*Id.* ¶ 1.) Plaintiff filed claims against Defendant for tortious interference with contract (Count I), aiding and abetting fraud (Count II), civil conspiracy (Count III), and an

3

accounting (Count IV). (*Id.* ¶¶ 48–72.) Defendant promptly removed the case to federal court based on diversity jurisdiction. (Def.'s Not. of Rem. at 1–2.)

Defendant now moves to dismiss the complaint in its entirety for failure to state a claim under Rule 12(b)(6).

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits" of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.[1] *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011); *Thompson*, 300 F.3d at 753. Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must include a short and plain statement of the claim, showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Accordingly, a court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S. Ct. 1937, 1960 (2009)

---

[1] We can consider only the facts alleged in the Complaint for purposes of this motion. *See Rosenblum v. Travelbyus.com Ltd.*, 288 F.3d 657, 661 (7th Cir. 2002) ("As a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint."). Plaintiff's Opposition to Motion to Dismiss alleges additional facts and attaches additional exhibits that are not included in the Complaint. (*See* Dkt. No. 16, Pl.'s Opp'n.) Additionally, Plaintiff filed a motion for leave to file a sur reply and attached additional documentation to that motion. The Magistrate Judge granted Plaintiff's motion for leave to file a sur-reply and allowed Defendant to file a response to Plaintiff's sur-reply. (Dkt. Nos. 19, 30, 31.) Plaintiff also filed a second sur-reply and additional Citibank documents, without the leave of Court. (Dkt. Nos. 21, 29.) Despite filing without our permission and although we had no obligation to review these materials in deciding Defendant's 12(b)(6) motion, we reviewed Plaintiff's second sur-reply and the corresponding Citibank materials, Plaintiff's sur-reply, and Defendant's response. These additional materials did not affect our decision.

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). Although a facially plausible claim need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). These requirements ensure that "the defendant [receives] fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (2007)).

In evaluating the allegations and exhibits, we also bear in mind that we are under a special obligation to construe Plaintiff's pleadings liberally because of his pro se status. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). A pro se complaint must be construed liberally and is "held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson*, 551 U.S. at 94, 127 S. Ct. at 2200 (citations omitted). Nonetheless, procedural rules limit the latitude afforded to even a pro se litigant. *See Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998); *Thompson v. Jones*, No. 11 C 1288, 2012 WL 3686749, at *3 (N.D. Ill. Aug. 24, 2012).

# ANALYSIS

Plaintiff asserts that Defendant assisted Chhabra in defrauding Plaintiff of his assets and ownership interest in Data Services by providing false information to Citibank and opening the #6100 Account. (Compl. ¶¶ 1, 3–4.) We begin by emphasizing that Plaintiff has brought these claims against Defendant, not Chhabra. Plaintiff does not allege that Defendant is a party to the Agreement or a member of Data Services. Plaintiff alleges that Chhabra, not the Defendant, locked him out of Data Services and transferred his ownership interests and assets through a fraudulent merger. (Compl. ¶ 17.) In bringing these claims, Plaintiff relies on Defendant's purported actions relating to his opening of the #6100 Account as evidence of Defendant's role in the scheme. (*Id.* ¶ 4.) Further, Plaintiff acknowledges that Defendant was acting on behalf of Data Services as its attorney when he opened the #6100 Account. (*Id.* ¶¶ 23–29.) In evaluating this motion to dismiss, we focus on the allegations against Defendant, not third party Chhabra.

## A.    Tortious Interference with Contract

Count I alleges tortious interference with contract. Plaintiff asserts that Defendant tortiously interfered with the Agreement between Plaintiff and Chhabra by opening the #6100 Account. As a preliminary matter, we must determine which state's substantive law applies to this claim.

### 1. Choice-of-Law Considerations

According to the Complaint, Data Services is a Delaware LLC and all allegations arise out of Defendant opening a bank account in Illinois. (Compl. ¶ 18.) Both parties cite a combination of Illinois and Delaware law in their briefs, without taking a position as to the applicable law. (*See* Dkt. No. 13, Def.'s Mem. at 10–11; Dkt. No. 16, Pl.'s Opp'n; Dkt. No. 17, Def's Reply at 4 n.2, 7 n.4; Compl. ¶¶ 9–10, 12, 18–19.)

"When a federal court applies state law, it uses the choice of law principles of its forum state"—here, Illinois—to determine what substantive law controls. *Huthwaite, Inc. v. Randstad Gen. P'ship (US), L.L.C.*, No. 06 C 1548, 2006 WL 3065470, at *2 (N.D. Ill. Oct. 24, 2006); *see Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915–16 (7th Cir. 2006); *Gramercy Mills, Inc. v. Wolens*, 63 F.3d 569, 572 (7th Cir. 1995); *Clark v. Experian Info. Sols., Inc.*, No. 03 C 7882, 2005 WL 1027125, at *2 (N.D. Ill. Apr. 26, 2005). The Illinois Supreme Court has stressed that "[a] choice-of-law determination is required only when a difference in law will make a difference in the outcome." *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 155, 879 N.E.2d 893, 898 (Ill. 2007) (citation omitted); *see Allianz Ins. Co. v. Guidant Corp.*, 373 Ill. App. 3d 652, 658, 869 N.E.2d 1042, 1049 (2d Dist. 2007) ("Choice-of-law considerations are not implicated unless there is an actual conflict of law among the various states with an interest in a particular dispute."); *Clark*, 2005 WL 1027125, at *2; *In re Aircrash Disaster Near Roselawn*, 948 F. Supp. 747, 750 (N.D. Ill. 1996). Illinois choice-of-law principles dictate that, in the absence of an actual conflict, Illinois substantive law shall govern as the law of the forum. *SBC Holdings, Inc. v. Travelers Cas. & Sur. Co.*, 374 Ill. App. 3d 1, 13, 872 N.E.2d.10, 20–21 (1st Dist. 2007); *see Clark*, 2005 WL 1027125, at *2.

Accordingly, having reviewed the relevant common law of Illinois and Delaware, we are satisfied that no conflict exists. Each state employs a substantively similar test for tortious interference with contract.[2] Because no conflict exists, we will apply Illinois law. *See Wachovia*

---

[2] *See Echo, Inc. v. Timberland Machs. & Irrigation, Inc.*, 661 F.3d 959, 968 (7th Cir. 2011) (citing *Purmal v. Robert N. Wadinton & Assocs.*, 354 Ill. App. 3d 715, 726, 820 N.E.2d 86, 98 (1st Dist. 2004)); *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 200, 905 (7th Cir. 1990)) (citing the elements for a claim of tortious interference with contract under Illinois law); *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 527–28 (7th Cir. 2003) (citing *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 154, 545 N.E.2d 672, 676 (Ill. 1989)) (same); *Slep-Tone Entm't Corp. v. Coyne*, No. 13 C 2298, 2015 WL 5821695, at

*Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751 n.4 (7th Cir. 2012) (applying Illinois law where the outcome under either choice of law would be the same).

**2. Tortious Interference with Contract**

Plaintiff alleges that Defendant was aware of the Agreement between Plaintiff and Chhabra and "substantially assisted" Chhabra in breaching the Agreement by opening the #6100 Account. (Compl. ¶¶ 49–51.) Plaintiff asserts that this constituted tortious interference with his contractual rights because Chhabra purportedly used the #6100 Account to breach the Agreement by locking Plaintiff out of Data Services and transferring his ownership interests and assets to Cloud Services.[3] (*Id.* ¶¶ 5, 17, 52.)

To plead a cause of action for tortious interference with contract under Illinois law, a plaintiff must allege: "(1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's

---

*16 (N.D. Ill. Sept. 30, 2015) (citations omitted) (same); *Medline Indus., Inc. v. Maersk Med. Ltd.*, No. 02 C 2805, 2004 WL 422718, at *12 (N.D. Ill. Feb. 24, 2004) (citations omitted) (same); *Aspen Advisors LLC v. United Artists Theatre Co.*, 861 A.2d 1251, 1266 (Del. 2004) (citing the elements for tortious interference with contract under Delaware law); *Chase Bank USA N.A. v. Consumer Law Ctr. of DelRay Beach LLC*, No. 08 C 121, 2015 WL 4556650, at *4 (D. Del. July 9, 2015) (citation omitted) (same); *Hurst v. State Farm Mut. Auto. Ins. Co.*, No. 10 C 1001, 2012 WL 426018, at *17 (D. Del. Feb. 9, 2012) (citation omitted) (same); *AeroGlobal Capital Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 437 n.7 (Del. 2005) (same).

[3] Under our liberal reading of the Complaint, we read this count as alleging a claim for tortious interference with contract. The Complaint repeatedly alleges, however, that Defendant "substantially assisted" Chhabra's breach of the Agreement by opening the #6100 Account. (*See* Compl. ¶¶ 3, 5, 51.) To the extent that Plaintiff attempts to assert a claim for aiding and abetting breach of contract based on this allegation, Plaintiff's claim must fail because Illinois law does not recognize a cause of action for aiding and abetting breach of contract. *See Thornwood, Inc. v. Jenner & Block*, 344 Ill. App. 3d 15, 27, 799 N.E.2d 756, 768 (1st Dist. 2003) (citing *Reuben H. Donnelley Corp. v. Brauner*, 275 Ill. App. 3d 300, 310, 655 N.E.2d 1162, 1170–71 (1st Dist. 1995)) (acknowledging that Illinois law does not recognize liability for aiding and abetting breach of contract). Rather, a claim for aiding and abetting requires a tortious action. *Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006) (discussing that Illinois law does not recognize an independent cause of action for aiding and abetting and that plaintiff must plead a tortious action).

intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages." *Voelker*, 353 F.3d at 527–28 (citing *HPI Health Care*, 131 Ill. 2d at 154, 545 N.E.2d at 676). As to the third element, Illinois courts have held that "intentional and unjustified inducement" requires a showing that the defendant "acted intentionally . . . to induce the breach." *Strosberg v. Brauvin Realty Serv., Inc.*, 295 Ill. App. 3d 17, 33, 691 N.E.2d 835, 845 (1st Dist. 1998) (internal citations omitted); *RKI, Inc. v. Grimes*, 200 F. Supp. 2d 916, 924 (N.D. Ill. 2002) (finding that conduct conveying to the third person defendant's desire to influence him to breach the contract constitutes inducement); *Medline Industries, Inc* , 2004 WL 422718, at *12 (finding that plaintiff's tortious interference with contract claim failed because plaintiff's complaint did not allege that defendant intended to induce breach of contract); *see also* Restatement (Second) of Torts, § 766 ("One does not induce another to commit a breach of contract with a third person . . . when he merely enters into an agreement with the other with the knowledge that the other cannot perform both it and the contract with the third person."); Restatement (Second) of Torts, § 766 cmt. h ("[T]his Section applies to any intentional causation whether by inducement or otherwise. The essential thing is the intent to cause the result. If the actor does not have this intent, his conduct does not subject him to liability under this rule even if it has the unintended effect of deterring the third person from dealing with the other.").

At issue here is whether Plaintiff has sufficiently alleged that Defendant intentionally and unjustifiably induced Chhabra to breach the Agreement. The Complaint asserts that Defendant "substantially assisted" Chhabra's breach of the Agreement by opening the #6100 Account.

(Compl. ¶ 51.)[4]  Plaintiff does not allege, however, that Defendant intended to induce Chhabra to breach the Agreement when he opened the #6100 account.  The #6100 account might very well have made it easier for Chhabra to breach her agreement with Plaintiff but Defendant cannot be held liable for the unintended consequences of his actions.

Therefore, because Plaintiff has not alleged that Defendant intentionally and unjustifiably induced Chhabra's breach of the agreement, his claim fails.

**B.     Claims Involving Fraud – Aiding and Abetting and Civil Conspiracy**

Plaintiff asserts claims of aiding and abetting fraud (Count II) and civil conspiracy sounding in fraud (Count III).  (Compl. ¶¶ 54–66.)  Defendant argues that these claims should be dismissed because Plaintiff failed to sufficiently plead any underlying tort or wrongful conduct.  (Dkt. No. 13, Def.'s Mem. at 12–13.)

Illinois does not recognize an independent cause of action for either aiding and abetting or civil conspiracy.  *See Hefferman*, 467 F.3d at 601 (explaining that aiding and abetting is not an independent tort); *Sirazi v. Gen. Mediterranean Holding, SA*, No. 12 C 0653, 2013 WL 812271, at *7 (N.D. Ill. Mar. 5, 2013) (citation omitted) (same); *E. Trading Co. v. Refco, Inc.*, 229 F.3d 617, 623 (7th Cir. 2000) ("We have said that there is no tort of aiding and abetting."); *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 62, 645 N.E.2d 888, 894 (Ill. 1994) (recognizing that conspiracy is not an independent tort in Illinois); *Champion Parts, Inc. v. Oppenheimer & Co.*, 878 F.2d 1003, 1008 (7th Cir. 1989) (quoting *Galinski v. Kessler*, 134 Ill. App. 3d 602, 606, 480 N.E.2d 1176, 1179 (1st Dist. 1985)) ("It is well settled in Illinois that 'conspiracy does not

---

[4]Based on facts alleged in the Complaint, Plaintiff asserts that Chhabra initially breached the agreement on May 15, 2012, before she hired Defendant.  To the extent that Plaintiff relies on this initial breach to support his tortious interference claim, we find that this claims fails.  Defendant could not have induced Chhabra's May 15 breach; he had not yet been retained by Chhabra.

10

of itself constitute an actionable wrong.'"). For each claim, Illinois law requires that the plaintiff plead the elements of aiding and abetting[5] or civil conspiracy[6] and also requires the plaintiff to plead an underlying tort or wrong. *See Hefferman*, 467 F.3d at 601 (setting forth the elements of a claim for aiding and abetting fraud); *Sirazi*, 2013 WL 812271, at *7 (citation omitted) (same); *Borsellino*, 477 F.3d at 509 (citing *McClure*, 188 Ill. 2d at 133, 720 N.E.2d at 258) (setting forth the elements of a claim for civil conspiracy sounding in fraud); *Coexist Found., Inc. v. Fehrenbacher*, No. 11 C 6279, 2014 WL 1287880, at *4 (N.D. Ill. Mar. 28, 2014) (citing *Merrilees v. Merrilees*, 2013 Ill App (1st) 121897, ¶ 45, 998 N.E.2d 147, 162 (1st Dist. 2013)) ("Conspiracy is not an independent tort; therefore, where a plaintiff fails to state an independent cause of action underlying the conspiracy allegations, the claim for conspiracy also fails."). In this case, Plaintiff alleges the underlying tort of fraud. In pleading these fraud claims, both claims must satisfy Rule 9(b)'s particularity requirements. *See Hefferman*, 467 F.3d at 601 (recognizing that a claim for aiding and abetting fraud must satisfy Rule 9(b)'s heightened pleading standard); *Borsellino*, 477 F.3d at 507 (affirming dismissal of civil conspiracy claim sounding in fraud under Rule 9(b) where plaintiffs did not plead facts with particularity).

Federal Rule of Civil Procedure 9(b) requires plaintiffs who assert fraud claims to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy the

---

[5] "Under Illinois law, to state a claim for aiding and abetting, one must allege (1) the party whom the defendant aids performed a wrongful act causing an injury, (2) the defendant was aware of his role when he provided the assistance, and (3) the defendant knowingly and substantially assisted the violation." *Hefferman*, 467 F.3d at 601 (citing *Thornwood*, 344 Ill. App. 3d at 27–28, 799 N.E.2d at 767).

[6] A claim of civil conspiracy requires that the plaintiff allege facts establishing both "(1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509 (7th Cir. 2007) (citing *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d 102, 133, 720 N.E.2d 242, 258 (Ill. 1999)).

particularity requirement, an allegation of fraud must include the "who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990); *accord Borsellino*, 477 F.3d at 507; *Hoffman v. Nationwide Mut. Ins. Co.*, No. 10 C 3841, 2011 WL 3158708, at *3 (N.D. Ill. July 26, 2011). Although Rule 9(b) does not require the plaintiff to plead facts sufficient to prove that the alleged misrepresentations were false, it does require the plaintiff to state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (quoting *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (citation omitted)).

We need not address the merits of each claim—aiding and abetting (Count II) and civil conspiracy (Count III)—because Plaintiff has failed to sufficiently allege the underlying tort of fraud. "To state a fraud claim under Illinois law, a plaintiff must allege that the defendant: (i) made a false statement of material fact; (ii) knew or believed the statement to be false; (iii) intended to and, in fact, did induce the plaintiff to reasonably rely and act on the statement; and (iv) caused injury to the plaintiff." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 766 (7th Cir. 2010) (citing *Redarowicz v. Ohlendorf*, 92 Ill. 2d 171, 185–86, 441 N.E.2d 324, 331 (Ill. 1982)); *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 722 (7th Cir. 2011) (citation omitted). Concerning the first element, Plaintiff alleges that Defendant made false statements to Citibank concerning Chhabra's citizenship and tax number and that Defendant "mispresented his role in Data Services to Plaintiff." (Compl. ¶¶ 37, 56.) Nowhere, though, does Plaintiff allege that he relied on or acted on these statements, causing him injury. Rather, Plaintiff makes conclusory assertions that these purportedly false statements were part of

12

Defendant and Chhabra's scheme to defraud Plaintiff. (*Id.* ¶ 58.) But "[t]his fact and a handful of unreasonable inferences are not enough to satisfy Rule 9(b)'s particularity requirements." *Borsellino*, 477 F.3d at 507; *see Rubloff Dev. Grp., Inc. v. SuperValu, Inc.*, 863 F. Supp. 2d 732, 748 (N.D. Ill. 2012) (dismissing common law fraud claim where plaintiff failed to sufficiently plead reliance). Because the Complaint does not plead reliance by Plaintiff at all, let alone with particularity, his claims must fail. *See Bressner v. Ambroziak*, 379 F.3d 478, 482–83 (7th Cir. 2004) (affirming dismissal of a creditor's civil conspiracy claim sounding in fraud based on alleged misrepresentations by debtor's wife to a bank in a loan application because the complaint did not plead actionable fraud and thus failed to allege "the necessary tortious or unlawful overt act"); *Cannon v. Forest Pres. Dist. of Cook Cty.*, No. 14 C 5611, 2015 WL 921037, at *3–5, n.4 (N.D. Ill. Feb. 26, 2015) (dismissing plaintiffs' conspiracy claim sounding in fraud and noting that plaintiffs had not adequately plead a claim for aiding and abetting fraud where the complaint failed to allege any underlying fraud or tortious conduct because plaintiff did not sufficiently allege reliance, among other things); *LoggerHead Tools, LLC v. Sears Holding Corp.*, 19 F. Supp. 3d 775, 785 (N.D. Ill. 2013) (dismissing plaintiff's aiding and abetting fraud claim where plaintiff "pleaded only conclusory allegations to support its claim").

We dismiss both Plaintiff's aiding and abetting claim and civil conspiracy claim because Plaintiff has not adequately plead the underlying tort of fraud. As explained above, we find that Plaintiff has not alleged any facts that he relied on Defendant's purported misrepresentation to Citibank, an element of a fraud claim. For these reasons, the aiding and abetting claim (Count II) and civil conspiracy claim (Count III) of the Complaint are dismissed.

C.   **Accounting**

Finally, we turn to Count IV. Count IV requests an accounting to compel Defendant to determine the amount owed to Plaintiff from Chhabra's transferring of Plaintiff's ownership interest and assets in Data Services to Cloud Services through the merger. (Compl. ¶ 69.)

An accounting is "an adjustment of the accounts of the parties and a rendering of judgment for the balance ascertained to be due." *Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, No. 02 C 3293, 2004 WL 2005808, at *4 (N.D. Ill. Sept. 3, 2004) (quoting 1 Am. Jur. 2d Accounts and Accounting § 52 (2004)). To state a claim for an accounting under Illinois law, a plaintiff must "show the absence of an adequate remedy at law and one of the following: (1) a breach of fiduciary relationship between the parties; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature." *Kemper Mobile Electronics, Inc. v. Southwestern Bell Mobile Sys.*, 428 F.3d 706, 715 (7th Cir. 2005) (affirming dismissal of accounting claim because plaintiff failed to allege that accounts were so complicated that only a court, not a jury, could unravel them); *Estate of Brown v. ARC Music Grp., Inc.*, 830 F. Supp. 2d 501, 509 (N.D. Ill. 2011) (dismissing plaintiff's accounting claim where "it [was] clear that a breach of contract claim would provide an adequate legal remedy for any unpaid royalties"); *Midwest Neoped Assoc. Ltd. v. Heritage Ind. Med. Group, P.C.*, No. 99 C 6276, 2001 WL 8878, at *2 (N.D. Ill. Aug. 23, 1999) (dismissing plaintiff's accounting action because the "Complaint was conspicuously devoid of any specific allegations that Plaintiff is without adequate remedy at law . . . . This is a run-of-the-mill breach of contract claim . . .").

Because an accounting is an equitable remedy, district courts have broad discretion in deciding whether an accounting is appropriate. *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985); *Drake Enter., Inc. v. Colloid Envtl.*

*Tech. Co.,* No. 08 C 6753, 2009 WL 1789355, at *2 ("[T]he need for a party to pursue an accounting cause of action in order to obtain [] access to [relevant records] has been greatly minimized in light of modern federal discovery rules.") (citation omitted).

As a threshold matter, Plaintiff has not plead that he has no adequate remedy at law. The assertions made in the Complaint suggest that a breach of contract claim against Chhabra would provide an adequate legal remedy for Plaintiff and Plaintiff has not specifically alleged otherwise. Just because Plaintiff has no other actionable claims against *Defendant* at this time does not mean that he lacks adequate legal remedies at law for *Chhabra's* breach of the Agreement.

Additionally, Plaintiff has failed to adequately plead any facts that would support an accounting. Plaintiff alleges that Chhabra breached her fiduciary duty to Plaintiff in transferring his assets, but Chhabra is not a party to this action. (Compl. ¶¶ 68, 71.) Plaintiff makes the conclusory allegation that Defendant breached his duty to Plaintiff, but he does not plead any facts to establish that Defendant owed Plaintiff a duty at all. (*Id.*) As was explained above, Plaintiff has failed to plead fraud. Finally, Plaintiff alleges that he is entitled to an accounting of the books and records of all entities associated with Chhabra—Data Services, Cloud Services, and ACE Cloud Hosting—because he cannot determine how much he is owed without a proper accounting. (Id. ¶¶ 6, 69.) Plaintiff has not asserted that these are mutual accounts between Plaintiff and Defendant, let alone that they are complex accounts that warrant an accounting.

We understand that Plaintiff seeks a remedy for third party Chhabra's alleged wrongdoing, but in this action against Defendant, we will not order an accounting.

For these reasons, Plaintiff's request for an accounting (Count IV) is dismissed.

## CONCLUSION

As set forth above, Defendant's Motion to Dismiss is granted, and Plaintiff's claims are dismissed without prejudice.

_____
Marvin E. Aspen
United States District Judge

Dated:  November 23, 2015
        Chicago, Illinois